IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE ALVAREZ, *et al.* | : <br> : <br> :  5:14-cv-07075-JFL <br> : <br> : <br> : <br> : |
| v. | |
| KWLT, LLC | |

## SETTLEMENT AGREEMENT AND RELEASE

Originating Plaintiff (as defined below) and Defendant (as defined below) STIPULATE and AGREE as follows:

**1.     Definitions.**  The following terms will have the following meanings:

**"Action"** means the above-captioned collective action lawsuit.

**"Agreement"** means this "Settlement Agreement and Release."

**"Approval Date"** means the date on which the Court enters an order approving the Settlement as fair, reasonable, and adequate and dismissing the Action with prejudice.

**"Approval Motion"** means the motion to be filed by Plaintiffs' Counsel attaching a copy of the Agreement and requesting that the Court enter an order approving the Settlement as fair, reasonable, and adequate and dismissing the Action with prejudice.

**"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**"Defendant"** means KWLT, LLC.

**"Defense Counsel"** means Duane Morris LLP.

**"Originating Plaintiff"** means Elaine Alvarez.

**"Parties"** refers jointly to Plaintiffs and Defendant.

**"Payout Amount"** means, for each Plaintiff, the amount listed below and totaling

$177,500.00: [1]

| Last Name | First Name | Individual Settlement Amount |
|---|---|---|
| Alvarez | Elaine | ███ |
| Antonucci | Amanda | ███ |
| Beck | Armani | ███ |
| Bey | Nika | ███ |
| Brown | Alecia | ███ |
| Cicardo | Paige | ███ |
| Clark | Tessa | ███ |
| Conklin | Heather | ███ |
| Devugt | Rhea | ███ |
| Donley | Karen | ███ |
| Griesemer (Barclay) | Katie | ███ |
| Hartman | Tara | ███ |
| Jones | Danielle | ███ |
| Klepper | Patricia | ███ |
| Lamb | Lara | ███ |
| Mendez | Kira Suzette | ███ |
| Myers | Cheresse | ███ |
| Nuon | Carrie | ███ |
| Quagliariello | Toni-Ann | ███ |
| Robbins | Alisha | ███ |
| Rose-McLaughlin | Justina | ███ |
| Staas | Sarah | ███ |
| Vega | Ernestine | ███ |
| Warner | Alexandra | ███ |
| Weitz | Maria | ███ |
| Welling | Sarah | ███ |
| Wentzel | Katrena | ███ |
| Wimberly | Mary | ███ |
| Winston | Joy | ███ |
| Zima | Alana | ███ |

"**Plaintiffs**" means Originating Plaintiff and the following 29 individuals: Antonucci, Amanda; Beck, Armani; Bey, Nika; Brown, Alecia; Cicardo, Paige; Clark, Tessa; Conklin,

---

[1] These amounts to Plaintiffs will be enhanced *pro rata* if: the Court disapproves any portion of the extra payment to Originating Plaintiff or Plaintiffs' Counsel's requested attorney's fees or expenses as described in Sections 6-7.

Heather; Devugt, Rhea; Donley, Karen; Katie, Griesemer (Barclay); Tara, Hartman; Danielle, Jones; Klepper, Patricia; Lamb, Lara; Mendez, Kira Suzette; Myers, Cheresse; Nuon, Carrie; Quagliariello, Toni-Ann; Robbins, Alisha; Rose-McLaughlin, Justina; Staas, Sara; Vega, Ernestine; Warner, Alexandra; Weitz, Maria; Welling, Sarah; Wentzel, Katrena; Wimberly, Mary; Winston, Joy; and Zima, Alana.

**"Plaintiffs' Counsel"** means Winebrake & Santillo, LLC and Lichten & Liss-Riordan, P.C.

**"Released Parties"** means Defendant and any of its parents, franchisors, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, owners, members, partners, assigns, representatives, or other persons or entities acting on Defendant's behalf.

**"Settlement"** means the terms and conditions described in this Agreement.

**2.     Maximum Settlement Amount.**  Defendant's maximum monetary payment under the Settlement will consist of the following: (i) payments to Plaintiffs of $177,500.00 pursuant to Section 5 below;[2] (ii) attorney's fees and litigation expenses of up to $90,000.00 payable to Plaintiff's Counsel pursuant to Section 6 below; and (iii) a payment of up to $15,000.00 payable to Originating Plaintiff pursuant to Section 7 below.  Defendant's total payment under this Settlement will not under any circumstances exceed $282,500.00.

**3.     Condition Precedent.**  This Settlement is conditioned on passage of the Approval Date.

**4.     Release.**  Upon passage of the Approval Date and Defendant's fulfillment of its payment obligations under Sections 5-7, each Plaintiff (on behalf of herself and her heirs,

---

[2] *See* Footnote 1 above.

spouses, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims, whether known or unknown, arising prior to May 20, 2016 and alleging unpaid wages or unlawful deductions from pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory, including, but not limited to, all claims asserted in the Action. Except as provided in this Agreement, the Parties shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

**5. Payments to Plaintiffs.** Within fourteen (14) days of the Approval Date, Defendant will issue to Plaintiffs' Counsel a non-payroll check in the gross amount of $192,500.00 ($177,500.00 for Plaintiffs, plus $15,000.00 for Originating Plaintiff as set forth in paragraph 7) made payable to Lichten & Liss-Riordan, P.C. No later than seven (7) days after receiving the check from Defendant, Plaintiffs' Counsel will issue individual checks to the Plaintiffs. Plaintiffs are solely responsible for the payment of any taxes associated with their individual settlement payment. If the Postal Service returns any check with a forwarding address, Plaintiffs' Counsel will promptly re-mail the check to the forwarding address. If the Postal Service returns any check without a forwarding address, Plaintiffs' Counsel will make all good faith and reasonable efforts to obtain the Plaintiff's current mailing address and will promptly re-mail the check to any updated address. If any check remains uncashed 180 days after the Approval Date, Plaintiffs' Counsel shall issue a stop payment on the check and send all associated funds to escheat to the respective state pursuant to the state's applicable statute for

escheat of unclaimed wages if such wages are not again claimed by the Plaintiff before escheat occurs. Once escheat occurs, Defendant and Plaintiffs' Counsel shall be relieved of any further obligation to pay the Plaintiff's settlement payment and such Plaintiff shall be entitled to obtain such amount from the state in accordance with its escheat laws.

6. **Payment of Plaintiffs' Counsel's Fees and Expenses.** Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of fees and expenses of $90,000.00. The Settlement is *not* contingent upon the Court's approval of this amount. Within fourteen (14) days of the Approval Date, Defendant will mail to Plaintiffs' Counsel a non-payroll check made payable to Lichten & Liss-Riordan, P.C. and equaling any Court-approved fees and expenses. Defendant will issue to Plaintiffs' Counsel an IRS 1099 Form reflecting this payment. Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with this payment.

7. **Extra Service Award Payment to Originating Plaintiff.** Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of an additional service award to Originating Plaintiff in the amount of $15,000.00. The Settlement is *not* contingent upon the Court's approval of this amount. No later than seven (7) days after receiving the check from Defendant described in paragraph 5, *supra*, Plaintiffs' Counsel will issue a non-payroll check made payable to Originating Plaintiff and equaling any Court approved service award. Originating Plaintiff is solely responsible for the payment of any taxes associated with this payment.

8. **Tax Indemity.** Plaintiffs will indemnify and hold harmless Defendant, Defense Counsel, and Plaintiffs' Counsel from any and all liability for taxes, interest and penalties in connection with the settlement payments.

9. **Entire Agreement.** This Agreement embodies the entire agreement between the

Parties and controls over any prior communications. In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

**10. Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

**11. No Admissions.** Nothing in this Agreement constitutes an admission or suggestion of liability by any Party. Defendant denies any wrongdoing and continues to assert that, absent this Settlement, it ultimately would prevail in the Action.

**12. Court Approval Not Obtained.** If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.

**13. Duty to Defend.** The Parties and their counsel will support the Agreement against any legal challenge.

**14. Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

**15. Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

**16. Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

**17. Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          5/25/16
Elaine Alvarez                              Date

_____          5/25/16
For Winebrake & Santillo, LLC               Date

_____          5/26/16
For Lichten & Liss-Riordan, P.C.            Date

_____          _____
For KWLT, LLC                               Date

_____          _____
For Duane Morris LLP                        Date

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Elaine Alvarez                                                    Date


_____          _____
For Winebrake & Santillo, LLC                          Date


_____          _____
For Lichten & Liss-Riordan, P.C.                       Date

*[signature]*                                                        5-25-16
_____          _____
For KWLT, LLC                                                 Date


_____          _____
For Duane Morris LLP                                      Date

- 7 -

IN WITNESS WHEREOF, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____  _____
Elaine Alvarez                                                      Date

_____  _____
For Winebrake & Santillo, LLC                           Date

_____  _____
For Lichten & Liss-Riordan, P.C.                         Date

_____  _____
For KWLT, LLC                                                    Date

*[signature]*                                                           5/25/2016
For Duane Morris LLP                                        Date